IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GERALDINE BYERS,** | } |
| **Plaintiff,** | } |
| v. | } Case No. 2:11-CV-1438-RDP |
| **MICHAEL ALLISON, et al.,** | } |
| **Defendants.** | } |

**MEMORANDUM OPINION**

This matter is before the court on Defendants City of Birmingham, Chief AC Roper, Michael D. Allison and Daniel Walls'[1] Motion for Summary Judgment (Doc. # 40). The Motion has been fully briefed. (Docs. # 41, 44 and 45).

Plaintiff's Complaint asserts the following claims: Count I - Assault and Battery; Count II - False Imprisonment; Count III - Outrage, Count IV- Negligent Hiring, Training, and Supervision; Count V - Negligence and Wantonness; and Count VI - Civil Rights Violation, 42 U.S.C. § 1983. (Doc. # 1 at 8-12). Defendants moved for summary judgment on all claims in the Complaint. (Doc. # 40).

In her Opposition to Defendants' Motion, Plaintiff "concede[s] that the City of Birmingham is entitled to summary judgment on the 42 USC § 1983 claim asserted in the Complaint ... ." (Doc. # 44 at 5). As to the other claims, Plaintiff argues that "there are genuine issues of fact to be decided upon a trial *as to her state law claims* against all Defendants" and that "summary judgment would not be appropriate" on those claims. (Doc. # 44 at 5) (emphasis added).

---

[1] Plaintiff's claims in this action against Defendant Richard Littlehales were dismissed on April 11, 2012. (Doc. # 35).

Although Plaintiff does not specifically concede her Section 1983 claim against the individual defendants, it appears from the Rule 56 record that she intended to do so. The *only* substantive argument presented by Plaintiff in opposition to Defendants' Motion relates to whether Defendants are entitled to discretionary function immunity on her state law claims. Alabama law provides immunity from state law tort liability for police officers performing discretionary functions within the scope of their law enforcement duties. Ala. Code § 6-5-338(a); *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 743 (11th Cir. 2010).

Defendants dedicated a significant portion of their brief in support of their motion for summary judgment to their arguments that the individual defendants are entitled to qualified immunity on Plaintiff's Section 1983 claim against them. (Doc. # 41 at 15-20). In response, Plaintiff presented no argument that the individual defendants are not entitled to qualified immunity on that claim. Morever, Defendants' motion for summary judgment on this issue is properly supported. (Docs. # 40 and 41). Therefore, Plaintiff is deemed to have also abandoned her Section 1983 claims against the individual defendants, and they are entitled to summary judgment on that claim. *See Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments ...."); *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (party's failure to brief and argue issue before district court is ground for declaring it abandoned); *McMaster v. United States*, 177 F.3d 936, 940-41 (11th Cir. 1999) (noting that a claim may be considered abandoned when it is included in complaint, but plaintiff fails to argue it to district court); *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 182 F.3d 888, 892 (Fed. Cir. 1999) (discussing

"unremarkable proposition that assertions made in the pleadings ..., but not made in opposition to a motion for summary judgment, need not be considered by the district court or the appellate court in ruling on the motion"); *Laborers' Int'l Union of North America v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) ("We have long refused to consider arguments that were not presented to the district court in response to summary judgment motions."). In addition, the individual Defendants have demonstrated that, as to Plaintiff's Section 1983 claims, there are no material issues of fact and that they are entitled to judgment as a matter of law.

All remaining Defendants, therefore, are entitled to summary judgment on the only federal claims asserted in Plaintiff's Complaint. This case was originally filed in state court and was removed on federal question grounds. Having disposed of the claim which provided a basis for federal jurisdiction, the court declines to continue to exercise jurisdiction over the remaining state law claims because all claims over which the court had original jurisdiction are being dismissed.[2] 28 U.S.C. § 1367(c)(3). The Eleventh Circuit has "encouraged district courts to dismiss [or, as appropriate in this case, remand] any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Therefore, Plaintiff's state law claims are due to be remanded to the Circuit Court of Jefferson County, Alabama.

---

[2] Pursuant to section 1367(c), a district court has discretion to decline to exercise supplemental jurisdiction in four situations: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). "Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss [or remand] a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

**CONCLUSION**

For the reasons discussed above, Defendants City of Birmingham, Chief AC Roper, Michael D. Allison, and Daniel Walls' Motion for Summary Judgment (Doc. # 40) is due to be granted in part. Plaintiff's claims under 42 U.S.C. § 1983 are due to be dismissed with prejudice. The court declines to exercise supplemental jurisdiction over the claims remaining in this case. *See* 28 U.S.C. § 1367(c). Therefore, those remaining state law claims in this case are due to be remanded to the Circuit Court of Jefferson County, Alabama.

A separate order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this ____8th____ day of February, 2013.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE